MILLS & GIBB CORP. *v.* UNITED STATES (No. 3349)[1]

United States Court of Customs and Patent Appeals, November 10, 1930

*Curie, Lane & Wallace* (*Samuel Isenschmid* of counsel) for appellant.
*Charles D. Lawrence,* Assistant Attorney General (*William H. Futrell,* special attorney, of counsel), for the United States.

---

[1] T. D. 44403.

[Oral argument October 17, 1930, by Mr. Lawrence]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court.

Certain imported cotton cloth was assessed for duty by the collector as cotton cloth, colored, at the appropriate rates of duty under paragraph 903 of the Tariff Act of 1922, the pertinent parts of which read as follows:

PAR. 903. Cotton cloth, not bleached, printed, dyed, colored, or woven-figured, containing yarns the average number of which  *  *  *  ; exceeding number 40, 16 cents per pound and, in addition thereto, fifty-five one-hundredths of 1 cent per average number per pound for every number in excess of number 40:  *  *  *

&ast;  &ast;  &ast;  &ast;  &ast;  &ast;  &ast;

Cotton cloth, printed, dyed, colored, or woven-figured, containing yarns the average number of which  *  *  *; exceeding number 40, 22 cents per pound and, in addition thereto, sixty-five one-hundredths of 1 cent per average number per pound for every number in excess of number 40:  *  *  *

The importer protested, claiming that the merchandise was dutiable as cotton cloth, not colored, at lower rates of duty under paragraph 903.

On the trial below counsel for appellant introduced in evidence Exhibits 1 and A.

Exhibit 1 represents the merchandise in its imported condition. It has alternating light-green and white stripes, each about three-sixteenths of an inch wide, running lengthwise of the cloth.

Exhibit A represents the merchandise after the fugitive dye has been removed with ordinary soap and water.

It appears from the record that the cloth is composed of "two different kinds of yarn," and that, prior to the weaving, one of the kinds of yarn was dyed with a fugituve dye, "so the weaver could separate them [the yarns] readily in putting them on the beam"; that a fugitive dye is one that can be readily removed by washing the cloth with soap and water or other materials; that in its imported condition the cloth is not suitable for the wholesale cotton-goods trade, but must first be subjected to certain finishing processes; that the finishing processes consist of bleaching, mercerizing, dyeing, and calendering; and that before the cloth can be subjected to such finishing processes the fugitive dye must be removed.

Testimony was also introduced by appellant for the purpose of establishing that the merchandise is not designated in the trade and commerce of the United States as "colored cotton cloth"; that it is not of the character of cloth so designated; that cloth dyed with a

fugitive dye is excluded by the trade from, and would not be accepted by the trade as a good delivery for, colored cotton cloth; and that the involved merchandise is designated in the trade as "gray goods"—"unfinished goods in the loom state."

Upon this record the court below overruled the protest, holding that proof of commercial designation was incompetent "in view of the adjudications on this subject under former tariff acts holding that the word 'colored' in such provision was used in a descriptive and not a commercial or denominative sense, and embraces any substantial coloring of the fabric. G. A. 5278, T. D. 24217, 6 Treas. Dec. 110, and G. A. 5795, T. D. 25599, 8 Treas. Dec. 319."

The court also held that the decision of this court in the case of *Heyliger & Raubitschek* v. *United States*, 11 Ct. Cust. Appls. 90, T. D. 38735, controlled the classification of the involved merchandise.

Counsel for appellant contends that proof of commercial designation is competent in the case; that it has been established by proper and competent evidence that the commercial meaning of the term "colored cotton cloth" is different from its common meaning; and that the involved cloth is not within the commercial meaning of the statutory term.

Counsel for the Government contends that the statutory term "cotton cloth, colored" is descriptive and not susceptible of proof of commercial designation, but that, if it is, the evidence is not sufficient to establish the existence of such commercial designation. It is also contended that the imported cloth is woven-figured; and that, therefore, it is dutiable under paragraph 903 at the rates of duty assessed by the collector, regardless of whether it is classifiable under that paragraph as colored cotton cloth.

Counsel for appellant, in reply to the last-mentioned contention of counsel for the Government, argues that, while Exhibit A, on examination, "may appear somewhat 'streaky' in places; * * * a casual observer would not call it a striped cloth." This issue was not discussed in its decision and may not have been presented to the court below.

In the case of *Mills & Gibb Corp.* v. *United States*, 14 Ct. Cust. Appls. 197, T. D. 41703, this court held that the question of whether or not cloth is figured may be determined by its appearance to the eye of the observer; that a stripe is a figure; and that the term "woven-figured" contained in paragraph 903, *supra*, was intended to refer to figures produced in the weaving process. In describing the merchandise involved in that case, this court, in an opinion by Bland, J., said:

The importation is made on a plain loom with a sateen attachment. The warp threads are wound on a beam. Part of these threads are twisted to the right and part of them are twisted to the left. There are no threads dropped or

omitted, and the fabric contains no threads except the warp and weft threads. The cloth, when turned in certain directions, has the distinct appearance of being striped, and, in fact, upon close examination a striped appearance may be detected when viewed from any angle, and this is true whether it is viewed from the back or the front. At certain angles the striped appearance is quite apparent and gives to the cloth the effect of having bright sateen stripes, about one-eighth of an inch wide, running lengthwise of the fabric. When the cloth is turned in one direction a sateen-appearing stripe of about one-eighth of an inch shows in somewhat darker color than the two stripes of equal width on each side of same. Upon viewing the cloth from another angle, the order is reversed and the stripes which had looked the darker from the other angle now appear lighter in color.

\*      \*      \*      \*      \*      \*      \*

It is undisputed that the striped effect is not occasioned by either a difference in size or color of the threads but that it is solely due to the fact that in one stripe the thread is twisted to the right and in the other stripe the thread is twisted to the left.

The exhibits before us appear to be, and are, in fact, striped. The stripes, approximately three-sixteenths of an inch in width, are produced in the weaving process. A certain number of white threads and an equal number of green threads give the appearance of having been twisted, the white threads to the left and the green threads to the right. The green threads are colored with a fugitive dye, according to the testimony, so that the weaver can separate the yarns "readily in putting them on the beam." After the cloth is woven and before it is suitable for the wholesale trade, the green dye must be removed. It is true that, as imported, the green-dyed yarns make the stripes more pronounced in the cloth. The dye is not present, however, for that purpose and, when it is removed, as shown by Exhibit A, the stripes are readily discernible, due to the weaving process and not to the color of the yarn. It would seem, therefore, that the very purpose of using yarns dyed with a fugitive dye was to assist the weaver in producing a woven-figured cloth.

We are of the opinion that the principles announced in the *Mills & Gibb Corp.* case, *supra*, are controlling of the issue now under consideration, and that the merchandise in question is dutiable as woven-figured cotton cloth under paragraph 903, *supra*, at the rates of duty assessed by the collector.

The rates of duty for cotton cloth, colored, and cotton cloth, woven-figured, are the same. Therefore, having reached the conclusion that the involved merchandise is woven-figured, it is unnecessary for us to consider whether it is also colored. Accordingly, without expressing any opinion as to the correctness of the principles of law announced in its decision, we *affirm* the judgment of the court below holding that the merchandise is dutiable under paragraph 903 at the rates of duty assessed by the collector.